505 P.2d 297

IRVING HEIGHTS CORPORATION, a Utah corporation, Plaintiff and Appellant,

v.

Reed D. PACE and Western Surety Company, Defendants and Respondents.

No. 12925.

Supreme Court of Utah.

Jan. 5, 1973.

Alan D. Frandsen, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

Plaintiff commenced these proceedings seeking to recover from the defendant Reed D. Pace, the clerk of Summit County, for his failure to properly docket a transcript of a judgment in which one Reginald Saxton was the judgment debtor. From an adverse judgment in the court below the plaintiff appealed.

On June 6, 1968, plaintiff recovered a judgment in the Third Judicial District Court against Reginald Saxton in the sum of $1,130 together with $400 attorney's fees and costs. Thereafter a transcript of the judgment was forwarded to the defendant Pace for entry in the judgment docket. On June 13, 1968, the defendant docketed the judgment chronologically but did not index it alphabetically until December 1970. At the time the transcript of judgment was received by the defendant, Reginald Saxton and wife were mortgagors on a mortgage in favor of First National Bank of Coalville. On March 28, 1969, the Saxtons executed a second mortgage in a larger amount which was thereafter recorded. The trial record would indicate that the second mortgage was a renewal of the first. The Saxtons defaulted in the second mortgage, and the Federal Deposit Insurance Corporation as successor

Greg R. Hawkins and C. R. Henriksen, of Henriksen & Hawkins, Salt Lake City, for plaintiff and appellant.

to the First National Bank of Coalville foreclosed the mortgage. The plaintiff was made a party defendant in the foreclosure proceedings and in that case it was decided that the plaintiff's judgment lien was inferior to the mortgage. It is the plaintiff's claim that but for the failure to properly index the transcript of judgment its judgment lien would have intervened between the first mortgage given to the bank and the second. The second mortgage being a renewal of the first, the bank's mortgage lien resulting from the first mortgage continued on at least in the amount of the first mortgage even though it was subsequently released when the second mortgage was recorded.[1] There being no interruption in the mortgage lien, we are unable to see how the plaintiff was damaged by the failure of the defendant to properly index the transcript of judgment.

While we are unable to determine from the record the precise basis for the decision of the court below, it is apparent that the evidence adduced on behalf of the plaintiff to the effect that its judgment became uncollectible does not compel a finding to that effect. Efforts were made by the plaintiff to collect the judgment and a payment of $500 was made on August 13, 1969. During the latter part of 1968, Saxton turned over to the plaintiff a registered quarter horse which the plaintiff agreed to keep for several months while Saxton determined whether or not he would be able to repurchase the animal. Saxton had set a value of $1500 upon the horse. Even though the horse is still under the control of the plaintiff, no steps were taken to have an execution issued or a sale made pursuant thereto. Five hundred dollars which was paid upon the judgment was used by the plaintiff to provide feed and care for the animal.

We are of the opinion that the trial court's conclusion that the plaintiff had failed to prove its damages is supported by the record. In view of our determination we do not deem it necessary to deal with the other assignments of error presented to this court by the plaintiff. The judgment of the court below is affirmed. Defendant is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Holt v. Mitchell, 96 Colo. 412, 43 P.2d 388, 98 A.L.R. 838; Potwin v. Ward, 183 Kan. 475, 327 P.2d 1091, 80 A.L.R.2d 166.