Mark E. CONNELL, Plaintiff and Appellant,

v.

TOOELE CITY, a Municipal Corporation, Louise Hardy, Clerk of the City Court of Tooele City, Tooele County, State of Utah, John Doe, Jane Doe, and Becky Porter, Defendants and Respondents.

No. 14995.

Supreme Court of Utah.

Nov. 25, 1977.

Brian M. Barnard, Salt Lake City, for plaintiff and appellant.

Edward A. Watson, Tooele County Atty., Tooele, Scott J. Daniels of Snow, Christensen & Martineau, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiff appeals from an order of the District Court for Tooele County denying

his motion for partial summary judgment on the issue of liability and dismissing his complaint. All statutory references are to Utah Code Ann., 1953.

Plaintiff alleges in his complaint and his affidavit filed under the provisions of Rule 56, U.R.C.P., that he wäs issued a citation for speeding, which was entered on the docket books of Tooele City Court in two different places and given two separate case numbers. Subsequently, plaintiff was found guilty of the offense and fined $15, which plaintiff paid. The conviction was entered under both case numbers on the docket books but payment of the fine was entered in one case only. A bench warrant was issued in the second case, and plaintiff was arrested. When plaintiff produced his receipt for payment of the fine, Defendant Louise Hardy, Clerk of the Court, acknowledged the duplication and said that she would take care of the matter. The bench warrant was not recalled, however, and the plaintiff was again arrested, booked, jailed, and released only upon posting bail in the amount of $20 (which was later refunded to him). Plaintiff then brought this action for damages, alleging negligence on the part of the Clerk of the Tooele City Court and her deputy.

Plaintiff moved for summary judgment on the issue of liability, reserving the amount of damages for trial. Defendant Tooele City moved to dismiss the complaint against it on the ground that the governmental entity was immune from suit under the provisions of the Utah Governmental Immunity Act, Sections 63–30–3 and 63–30–10(2). Defendants Louise Hardy and Becky Porter moved to dismiss the complaint against them on the ground that plaintiff's claim against them was barred by the common law doctrine of immunity of judicial and quasi-judicial officers.

The District Court denied plaintiff's motion without prejudice, granted the motion of Tooele City, and granted the motion of Defendants Louise Hardy and Becky Porter, giving plaintiff ten days in which to amend his complaint with respect to these two individual defendants. Plaintiff did not amend.

■ Defendants argue that plaintiff's injury arises out of false arrest and therefore the action against the governmental entity, Tooele City, is barred by the provisions of Section 63–30–10(2).[1] In support of this argument, defendants cite *Duenges v. United States,* 114 F.Supp. 751 (S.D.N.Y.1953) in which the Court interpreted a provision of the Federal Torts Claims Act which contains an exception to the waiver of immunity similar to the Utah provision cited.[2] In *Duenges,* a soldier had been honorably discharged, but was arrested for desertion. Duenges brought action based on the negligence of a government employee who improperly failed to record the discharge in Duenges' service records. The Court, however, held that the very "gist and essence" of Duenges' cause of action was false arrest and denied his claim.

Though the result in *Duenges* has been criticized by Dean Prosser,[3] we believe our legislature intended to retain the immunity of the governmental entity in just such a case as this one. Although plaintiff's complaint alleges negligence of the clerk in keeping her books, we are of the opinion

---

1. This Section in relevant part states:

    Immunity from suit of all governmental entities is waived for injury proximately caused by a negligent act or omission of an employee committed within the scope of his employment except if the injury:

    \* \* \* \* \* \*

    (2) arises out of assault, battery, false imprisonment, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, or civil rights, or . . . ..

2. 28 U.S.C. § 2680 states:

    The provisions of this chapter [waiver of immunity] and Section 1346(b) of this title shall not apply to—

    \* \* \* \* \* \*

    (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . .

3. Prosser, The Law of Torts, 4th ed. (1971) Sec. 131, pp. 972–3.

that all of the injuries claimed by plaintiff arise out of one of the excepted torts set forth in Section 63–30–10(2).

Plaintiff argues that the individual defendants are not protected by judicial or quasi-judicial immunity, since the negligence alleged consisted of the clerk's improper docketing of the court records, which is a ministerial duty, and not a discretionary one.

Dean Prosser defines the distinction between discretionary and ministerial duties, as enunciated by the courts, as follows:

> . . . acts which are regarded as 'discretionary' or 'quasi-judicial' in character, requiring personal deliberation, decision and judgment, and those which are merely 'ministerial,' amounting only to an obedience to order, or the performance of a duty in which the officer is left no choice of his own.[4]

The reason for the distinction between discretionary and ministerial duties has been enunciated by several authorities[5] and we believe this distinction to be necessary and sound. For if every employee or officer of the government were to be held liable, individually, for errors in judgment or exercise of the discretion, which his employment requires him to make, such employee would fear to make decisions and the administration of government could be seriously jeopardized. On the other hand, if the employee's duties require no exercise of judgment or discretion, the reason for protecting his actions does not exist.

A clerk's duty of entering a citation in the docket book and assigning a case number is uniformly held to be a ministerial duty, rather than a discretionary one.[6] The great majority of jurisdictions affords no immunity to clerks who are negligent in such duties, and whose negligence is the cause of injury to a plaintiff.[7]

Many of our decisions reflect that this Court has recognized the distinction between discretionary and ministerial duties, and immunity has been extended to an official or employee acting in his discretionary capacity[8] but not when he is acting in his ministerial capacity.[9]

The District Court's order granting summary judgment in favor of Defendant Tooele City is affirmed, and its order granting summary judgment in favor of Defendants Louise Hardy, Clerk of the City Court of Tooele City, John Doe, Jane Doe, and Becky Porter, is reversed. This case is remanded to the District Court for Tooele County for further proceedings consistent with this opinion. No costs awarded.

WE CONCUR:

ELLETT, C. J., CROCKETT and MAUGHAN, JJ., and HENRIOD, Retired J., concur.

HALL, J., having disqualified himself does not participate herein.

4. Ibid., Sec. 132, pp. 988–989.

5. See Prosser, supra, and Harper and James, The Law of Torts (1956) Sec. 29.13; Kenneth Culp Davis, "Administrative Officers' Tort Liability," 55 Mich.Law Rev. 233 (1956).

6. 15A Am.Jur.2d, Clerks of Court, Sec. 28 and cases cited therein.

7. See generally, 63 Am.Jur.2d, Public Officers and Employees, Sec. 293; 15A Am.Jur.2d, Clerks of Court, Sec. 28.

8. See for example, *Hjorth v. Whittenburg,* 121 Utah 324, 241 P.2d 907 (1952); *Sheffield v. Turner,* 21 Utah 2d 314, 445 P.2d 367 (1968).

9. *Irving Heights Corp. v. Pace,* 29 Utah 2d 80, 505 P.2d 297 (1973). In the *Irving Heights* case a court clerk had improperly docketed a judgment. Recovery was denied because plaintiff failed to prove that he was damaged by the clerk's negligence, and not because of the clerk's immunity. See also *Cornwall v. Larsen,* Utah, 571 P.2d 925 (1977), filed October 20, 1977.