**UNITED STATES of America, Plaintiff,**

v.

**Mary L. GUINN, et al., Defendants.**

**Civ. No. 89–C–0482–S.**

United States District Court, D. Utah, C.D.

Oct. 30, 1990.

Dee V. Benson, U.S. Atty., Salt Lake City, Utah, Kirk C. Lusty, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

David H. Schwobe, Mel S. Martin, Martin & Bigelow, Glen D. Watkins, Anderson & Watkins, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

SAM, District Judge.

This action is before the court on the objection of defendant Deseret Federal Savings & Loan Association ("Deseret") to the magistrate's February 7, 1990 report and recommendation ("R & R") denying Deseret's motion for partial summary judgment.

### I. Background

This is an action to foreclose on a federal tax lien and set aside an alleged fraudulent conveyance of real property to a trust. The United States seeks to foreclose a tax lien on the home of defendants Mary L. and Nathan Eugene Guinn (the "Guinns"). Title to the property is in the name of defendant Nathan Eugene Guinn and Mary Lou Cox Guinn Irrevocable Trust. Deseret holds the first mortgage. The Resolution Trust Corporation is the successor in interest to Deseret.

On February 18, 1983 Nathan and Mary Guinn, husband and wife, borrowed $85,000 from Deseret to purchase property located at 3489 South 2000 East, Salt Lake City, Utah. The note was secured by a Deed of Trust which was recorded on February 25, 1983 ("1983 Trust Deed") with the Salt Lake County Recorder.

On March 7, 1985, the United States filed a Notice of Federal Tax Lien against *"May* Guinn" in the amount of $54,000.

On August 11, 1986, the Guinns refinanced their home by executing a new note and another trust deed to Deseret. This trust deed was recorded on August 12, 1986 ("1986 Trust Deed"). As part of refinancing the loan, Deseret reconveyed its interest under the 1983 Trust Deed. The Deed of Reconveyance was recorded on October 2, 1986.

On June 3, 1988, the United States recorded a second notice of tax lien, this time naming *"Mary* Guinn" in the notice.

Deseret brought a motion for partial summary judgment seeking a declaration that it has a valid lien on the property which is superior to the federal tax lien, and that any foreclosure or sale of the property by the United States is subject to that superior lien. Deseret argued that the first notice of tax lien was insufficient to give constructive notice because it misspelled Mary Guinn's first name; therefore, the 1986 Trust Deed has priority over the second notice of tax lien. The United States argued that a reasonable search would have disclosed its first notice of tax lien under the name of "May Guinn." The United States also argued that the Deed of Reconveyance extinguished Deseret's priority established by the 1983 Trust Deed, giving the first notice of tax lien priority.

The magistrate concluded that since the United States had not made a separate claim that its tax lien is superior to the lien of Deseret, nor had Deseret filed a counterclaim to declare its lien superior, Deseret had not made a claim upon which partial summary judgment could be granted. In addition, the magistrate believed there were material issues of fact which precluded summary judgment.

Deseret objected to the magistrate's conclusions arguing that the only reason the IRS would bring this action against Deseret is to have its lien position declared superior to Deseret's. Deseret argues further that there is no question of fact in dispute with respect to either of the key questions involved—whether the renewal of the 1983 Trust Deed and the Deed of Reconveyance extinguished the priority of Deseret's 1983 Trust Deed over the first notice of federal tax lien, and whether the United State's first notice of federal tax lien, which misspelled the debtor's name, put Deseret on constructive notice of the government's lien.

Upon review of the R & R and the parties' memoranda, the court finds the material facts are not in dispute and there remains only the task of applying the law to the undisputed facts. Furthermore, the court believes Deseret's motion for partial summary judgment is proper under the pleadings as constituted, since resolving the issue of priority of the liens in question is presumably the very reason Deseret was made a defendant.

## II. Priority of Deseret's Lien

The United States relies on the case of *Peterson v. U.S.*, 511 F.Supp. 250 (D.Utah 1981) as support for the principle that "the priority of properly recorded federal tax liens in relation to other recorded security interests in real property is to be determined by the principle of 'first in time, first in right.'" *Id.* at 254 (citations omitted). More particularly, the United States asserts that *Peterson* is decisive on the issue of what effect the refinancing and Deed of Reconveyance had on Deseret's 1983 Trust Deed which, if unaffected, indisputably has priority. In *Peterson*, as in the present case, there were two trust deeds with an intervening federal tax lien and the parties sought to have priority of the various liens established. The court ruled that "[t]he execution of a second promissory note and trust deed by the taxpayers in 1978 and reconveyance by the trustee of the 1976 trust deed extinguished the priority afforded the 1976 trust deed as against the federal tax lien thereafter filed as a matter of law." *Id.*

In support of its position, Deseret brought two cases to the court's attention which merit close scrutiny. *Irving Heights Corp. v. Pace*, 29 Utah 2d 80, 505 P.2d 297 (1973), held:

> [C]ounty clerk's failure to properly index transcript of judgment which had been forwarded to clerk prior to execution of second mortgage did not damage judgment creditor where second mortgage renewed first mortgage which had been executed prior to forwarding of judgment to the clerk and mortgagee's lien resulting from first mortgage continued on without interruption at least in amount of the first mortgage, even though first mortgage had been released when second mortgage was recorded.

*Irving's* rationale is supported by the more recent Utah case of *Nelson v. Stoker*, 669 P.2d 390 (Utah 1983), in which the Utah Supreme Court adopted a doctrine that grants a special priority to purchase money mortgages.

> Equity and justice justify the protection afforded a vendor who parts with his property on the faith that his mortgage or trust deed securing purchase monies loaned to the vendee is entitled to priority over any preexisting claims which may be asserted against the vendee-mortgagor. To grant a preexisting judgment lien creditor a preference over a vendor's purchase money mortgage would be to bestow on that judgment lien creditor a pure windfall at the expense of a vendor. Thus, in accord with the overwhelming weight of authority, we hereby adopt and follow the doctrine that grants a special priority to purchase money mortgages.

*Id.* at 394.[1] The court in *Nelson* persuasively explained the policy considerations behind giving a vendor holding a purchase money mortgage priority over a preceding judgment lien creditor of the vendee:

> As against judgment lien creditors [the purchase money mortgagee] should win because [judgment lien creditors] have not extended their credit in reliance on the right to be repaid out of any specific property, much less out of property previously owned by another and coming to the debtor unpaid for, with the seller of it relying upon that very property he has parted with for his payment. Furthermore, their judgments are obtained before their debtor receives the property to which it attaches on acquisition so they could not have relied upon it in getting their judgment lien. In such a case the general rule that such creditors' rights should rise no higher than their debtors' seems clearly appropriate.

*Id.* (brackets in cited source). Later in the opinion the court specifically addressed application of this doctrine to federal tax liens and held "federal tax liens are not given special priority over some transactions such as purchase money mortgages." *Id.* at 395.

---

1. Although this matter involves a trust deed rather than a mortgage, this difference is irrelevant. The character of the debt is what matters. "[F]or the sake of simplicity, we refer to the term 'purchase money mortgage' as encompassing both mortgages and trust deeds which are given by a vendee to secure a purchase price or unpaid balance." *Nelson*, 669 P.2d at 394.

956

■ The court finds the *Nelson* case to be directly on point and its reasoning more persuasive than *Peterson's*. No where in *Peterson* is a purchase money mortgage mentioned or the doctrine affording priority to this type of transaction discussed. In addition, the parties involved in *Peterson* were a purchaser at a trust deed sale and the government holding the federal tax lien. The court believes a third party purchaser at a trust deed sale is surely in a different position than a lender who grants a purchase money mortgage. Although some of the facts in *Peterson* are similar and, in isolation, seemingly on point, the court is more persuaded by *Nelson* and its policy arguments and hereby adopts the doctrine that grants a special priority to purchase money mortgages as the rule of law to be applied to the undisputed facts in this case.[2]

III.   Conclusion

■ A review of the undisputed facts in the instant action leads the court to believe that Deseret never intended to release its security interest and that the refinancing should be viewed as a continuation of the original lien, for priority purposes, rather than a new or separate transaction. Furthermore, even if Deseret were deemed to have lost the priority afforded its first duly recorded deed of trust, the court believes the second trust deed has priority over the intervening federal tax lien under the doctrine heretofore discussed, since it too would be viewed as a purchase money mortgage under the facts as recited by the parties.

The court finds that Deseret's lien is superior to the federal tax lien and hereby grants Deseret's motion for partial summary judgment. Consequently, the court hereby orders that any foreclosure of, execution upon or sale of the property in question shall be subject to Deseret's first lien.

Having adopted and applied the doctrine giving purchase money mortgages special

priority, the court need not address the issue of Deseret's constructive notice of the government's lien. Even actual notice would not have affected the priority to which Deseret is entitled as a purchase money lender. SO ORDERED.

---

**2.** In determining whether a party holds a purchase money mortgage, the court in *Nelson* stated you need to look to "the parties' intent as inferred from their actions." *Nelson*, 669 P.2d at 395. The court finds the transaction in the instant action qualifies as a purchase money mortgage.