ICM MORTGAGE
CORPORATION, Plaintiff,

v.

Walter HERRING; Verna Ann Briggs-Herring a/k/a Ann B. Herring; The United States; Countryside Homeowners Association; and Ethel M. Puckett as Public Trustee of Jefferson County, Colorado, Defendants.

Civ. A. No. 90-B-0195.

United States District Court,
D. Colorado.

March 15, 1991.

Elizabeth S. Marcus, Kurt S. Lewis, Lewis, Weinert & Powell, P.C., Denver, Colo., for plaintiff.

Karen Lynne Baker, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Jessie A. Messenger, Sp. Asst. U.S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me are cross motions for summary judgment filed by defendant United States and plaintiff ICM Mortgage Corporation (ICM) on ICM's complaint and the United States' counterclaim. This dispute arises over the relative priority of competing liens held by ICM and the Internal Revenue Service (IRS) against certain real property. ICM asks that I declare its lien senior or invoke equity to restore the priority of its lien over that of the IRS. Because ICM's lien is superior to the United States' lien, I deny the United States' motion for summary judgment and grant ICM's motion for summary judgment.

Defendants Walter Herring and his wife Verna Ann Herring (the Herrings) have failed to answer the complaint and the United States' cross-claim. Notices of default have entered against them. Defendant Public Trustee of Jefferson County, Colorado filed a disclaimer to any rights in the property. Consequently, the IRS and ICM remain as the sole competitors for lien priority.

According to the stipulated pretrial order, on June 28, 1984, the Herrings borrowed money from ICM to buy the property. The loan was evidenced by a note secured by a deed of trust dated June 28, 1984. The deed of trust was duly recorded. I refer to this document as the first deed of trust.

In April, 1988, the Herrings applied to refinance their loan through the Federal Housing Authority's (FHA) Streamline Refinance Program. To participate in the program, the insured loan must be secured by a first lien against the real property. The Herrings' application met FHA criteria and ICM gave its approval.

On April 29, 1988, as a part of the refinancing, the Herrings executed a second note and executed a second deed of trust in favor of ICM encumbering the property. Failure to notarize the second deed of trust, however, caused delay in recording the document. On May 10, 1988, ICM recorded the notarized second deed of trust. I refer to this document as the second deed of trust. No additional funds were loaned under the second deed of trust. On May 23, 1988, ICM recorded the release of the first deed of trust.

On May 5, 1988, before the first deed of trust was released but before the second deed of trust was recorded, the IRS recorded a tax lien against the Herrings. Priority is important here because the current fair market value of the property is insufficient to satisfy both liens.

The United States contends that when it filed its lien, it was junior only to ICM's first deed of trust. Consequently, the United States argues, when ICM released the first deed of trust, the IRS lien became first in priority. ICM contends that its

second deed of trust replaced its first. Consequently, ICM argues, its second deed of trust inherited the priority of its first deed of trust. ICM also argues that under Colorado law it has an equitable interest that is superior to the federal tax lien.

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

■ The priority of a federal tax lien is a matter of federal law. *United States v. Rodgers*, 461 U.S. 677, 683, 103 S.Ct. 2132, 2137, 76 L.Ed.2d 236 (1983); *United States v. State of Colorado*, 872 F.2d 338, 339 (10th Cir.1989); *United States v. Wingfield*, 822 F.2d 1466, 1472–73 (10th Cir. 1987), *cert. dismissed sub nom., County of Boulder v. United States*, 486 U.S. 1019, 108 S.Ct. 1762, 100 L.Ed.2d 222 (1988). Under federal law, the priority of a federal lien is governed by the first-in-time, first-in-right rule. *United States v. City of New Britain*, 347 U.S. 81, 85–86, 74 S.Ct. 367, 370–371, 98 L.Ed. 520 (1954); *United States v. Central Bank*, 843 F.2d 1300, 1306 (10th Cir.1988). The priority of a lien created by state law, such as the lien held by ICM, depends on the time the lien attached to the property in question and became choate. *United States v. Bell Credit Union*, 860 F.2d 365, 371 (10th Cir.1988); *Central Bank*, 843 F.2d at 1307.

■ Thus, to prevail, ICM must show that it is a holder of a security interest in the property that attached before the filing of the notice of the federal tax lien. *See* Internal Revenue Code, 26 U.S.C. § 6323(h)(1). The point at which a state created security interest attaches is a matter of state law. *See Security Pac. Mort-*

*gage Corp. v. Choate,* 897 F.2d 1057, 1058–59 (10th Cir.1990); *United States v. Guinn,* 751 F.Supp. 953 (D.Utah 1990); *Peterson v. United States,* 511 F.Supp. 250 (D.Utah 1981).

Standing alone, the second deed of trust now appears second in priority to the federal tax lien. But, when the federal tax lien was filed the tax lien was second in priority to the first deed of trust. ICM argues that the second deed of trust was to replace the first deed of trust and that the security interest created by the first deed of trust was never extinguished.

Under Colorado law, whether this refinancing extinguished the security interest perfected through the first is resolved by looking to the intent of the Herrings and ICM. *See In re Billings,* 838 F.2d 405, 407 & 409 (10th Cir.1988); *Haley v. Austin,* 74 Colo. 571, 223 P. 43, 45 (1924). ICM argues that it intended to retain the security interest that attached under the first deed of trust. The United States admits that under Colorado law, a refinancing does not necessarily extinguish the prior security interest, but argues that ICM intended to extinguish the security interest.

There is no dispute as to the evidence, only as to the conclusions each party draws from it. I hold that the undisputed evidence establishes as a matter of law that the second deed of trust renewed the prior obligation and did not function to extinguish the security interest.

The United States provides undisputed deposition testimony that the first deed of trust note was satisfied by the second deed of trust note and the second deed of trust note was secured by the second deed of trust. The United States further notes that the second deed of trust did not explicitly refer to the first deed of trust, nor does the first deed of trust explicitly state an intent to continue the security interest. From this, the United States argues that ICM intended to extinguish its security interest. *See Peterson,* 511 F.Supp. at 254–56 (applying Utah law). *But see Guinn,* 751 F.Supp. at 955–56 (applying Utah law and disagreeing with *Peterson*). The evidence on which the United States relies shows at most that this arrangement is as consistent with an intent to renew the security interest as it is with an intent to extinguish the interest. The nature of this paper work casts but dim elucidation upon ICM's intent.

The parties agree that ICM intended to refinance its loan to the Herrings through the second deed of trust. Furthermore, the United States conceded at oral argument that ICM "wanted" to maintain its first priority security interest via the refinancing.

It is undisputed that the refinancing was pursuant to the FHA's Streamline Refinancing Program which requires that the refinanced loan be secured by a first lien against the real property. ICM obtained a title commitment from a title company to secure its prior lien position before closing the refinancing. Refinancing under this program would not have occurred in this case unless ICM maintained first priority on its lien. Affidavit of Judith Cerny ¶ 14. The parties also agree that the second deed of trust involved the same property, the same parties and the same consideration as did the first deed of trust.

Based on this undisputed evidence of intent, I conclude that ICM meets its summary judgment burden and the United States does not. The only reasonable conclusion a trier of fact can reach on the undisputed evidence is that ICM intended to retain its security interest through the refinancing. Thus, ICM's lien is senior.

Because I grant ICM's motion on this basis, I need not address ICM's remaining equity argument.

Accordingly, IT IS ORDERED THAT

(1) plaintiff ICM Mortgage Corporation's Motion for Summary Judgment is GRANTED;

(2) defendant United States' Motion for Summary Judgment is DENIED;

(3) plaintiff ICM Mortgage Corporation has a lien senior to the United States on the property described as Lot 14, Block 9, Countryside Subdivision Filing No. 10, County of Jefferson, State of Colorado, known and numbered as

10287 Quail Way, Westminster, Colorado 80020;

(4) final judgment shall enter.