2001 UT App 111

James and Carol BUSCHE, Plaintiffs and Appellants,

v.

SALT LAKE COUNTY, an incorporated Utah county; Wallnet Investment, LC, a Utah limited liability company; RBCSU Realty, LLC, a Utah limited liability corporation; Regence Blue Cross Blue Shield of Utah Corp., a Utah corporation; 2825 E Cottonwood Parkway, LC, a Utah limited liability corporation; 2755 E Cottonwood Parkway, LC, a limited liability corporation; and 2855 E Cottonwood Parkway, LC, a Utah limited liability corporation, Defendants and Appellees.

No. 20000073–CA.

Court of Appeals of Utah.

April 5, 2001.

Bruce R. Baird, Baird & Jones, Salt Lake City, for Appellants.

Jeffrey H. Thorpe, Salt Lake Cit, and David W. Overholt, Mark E. Medcalf, and Shane W. Norris, Midvale, and Charles P. Sampson, Salt Lake City, for Appellees.

Before Judges JACKSON, BENCH, and DAVIS.

## OPINION

JACKSON, Associate Presiding Judge:

¶1 James and Carol Busche appeal the dismissal of their zoning decision claim under Rule 12(b)(6) of the Utah Rules of Civil Procedure. The trial court concluded that the alleged delegation of conditional use permit approval authority by the director of the development services division (the Director) to staff appeared to be authorized by statute and county ordinance, and that no due process violation occurred. We decide whether the Busches assert a cognizable legal claim under their chosen statutory scheme and conclude they do not.

## BACKGROUND

¶2 Appellees include the developers (the Developers) of the Cottonwood Commercial Center (the Center) in Salt Lake County (the County). In early 1996, the Developers sought and received approval from the County for a conditional use permit to construct the Center. The original site plan used to apply for the conditional use permit was modified by the Developers and reviewed by the Development Services Division of the County on or about April 20, 1996.

¶3 In late 1996, the Busches became interested in purchasing a home in Salt Lake County located on the western border of the Center. The Busches investigated the Center and were shown the original site plan on file at County offices. At some unspecified time after late 1996, the Busches purchased the home.

¶4 In June or July 1999, almost three years after the Busches' initial investigation, and after construction of some of the office buildings at the Center, the Busches observed that some parts of the Center were not being constructed according to the site plan they were shown. The Busches subsequently discovered an "Amended Phasing Plan," which is dated April 20, 1996, and bears the initials of Warren Reynolds, a senior planner of the Salt Lake County Development Services Division. The Busches understood the initials on the Amended Phasing Plan to mean that the senior planner, himself, had officially approved the site plan modifications. They claim they would not have purchased the home had they reviewed the Amended Phasing Plan.

¶5 The Busches contacted the Salt Lake County Commission, Department of Development Services, and District Attorney, asking each to remedy the alleged illegal delegation of approval authority to the senior planner and alleged violation of due process. After failing to secure assistance from those offices, the Busches attempted to file an appeal with the Board of Adjustment, pursuant to Uniform Zoning Ordinance of Salt Lake County, Utah, chs. 19.92.030(A), 19.92.050(A)(1),(2) (1999). The Board of Adjustment first refused the filing, then rejected the appeal as untimely because it was

made more than sixty days after the decision from which the Busches attempted to appeal. The Busches filed an appeal of the Board of Adjustment's decision in trial court the next day. The trial court granted Appellees' Motion to Dismiss, ruling that delegation of approval authority to a senior planner is contemplated by state law and county ordinance, and that no due process violation occurred. The Busches now appeal the trial court's dismissal.

## ISSUE AND STANDARD OF REVIEW

¶ 6 We are called upon to decide whether the trial court correctly dismissed the Busches' complaint for failure to state a legal claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Utah R. Civ. P. 8(a). If a complaint does not meet this requirement, it can be dismissed for "failure to state a claim upon which relief can be granted." Utah R. Civ. P. 12(b)(6). The claim need not be specific, rather, "under Utah's liberal notice pleading requirements, all that is required is that the pleadings be sufficient to give fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved." *Fishbaugh v. Utah Power & Light,* 969 P.2d 403, 406 (Utah 1998) (internal quotations and citations omitted). Moreover, the pleadings contained in the complaint "shall be so construed as to do substantial justice." Utah R. Civ. P. 8(f). In reviewing a motion to dismiss, "[w]e construe the facts in the complaint liberally and we consider all the reasonable inferences to be drawn from the facts in a light most favorable to the plaintiffs." *Baker v. Angus,* 910 P.2d 427, 430 (Utah Ct.App.1996). Our review of the motion to dismiss presents a question of law, which we review for correctness, giving "the trial court's ruling no deference." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.,* 811 P.2d 194, 196 (Utah 1991).

## ANALYSIS

¶ 7 In Utah, "an appellate court may affirm a 'judgment, order, or decree appealed from if it is sustainable on any legal ground or theory apparent on the record,' even though that ground or theory was not identified by the lower court as the basis of its ruling." *Orton v. Carter,* 970 P.2d 1254, 1260 (Utah 1998) (citation omitted). Accordingly, we review the trial court's ruling,[1] but affirm on other grounds.

### I. Delegation of Approval Authority

¶ 8 During oral argument, the Busches clarified that they appeal the delegation of conditional use permit approval or modification authority to the senior planner. The trial court granted the Motion to Dismiss on the ground that "[b]oth the statutory and applicable county ordinance provisions appear to authorize the" delegation of approval authority to a senior planner. We analyze the statutory framework to determine whether the trial court correctly dismissed the Busches' complaint on this ground.

### A. Delegation Under Utah State Law

¶ 9 The Utah County Land Use Development and Management Act establishes county planning commissions. *See* Utah Code Ann. § 17–27–201 (1999). County planning commissions are directed to "hear or decide any matters that the county legislative body designates, including the approval or denial of, or recommendations to approve or deny, conditional use permits." *Id.* § 17–27–204(1)(g). County planning commissions also shall "exercise any other powers delegated to it by the county legislative body," and "exercise any other powers that are necessary to enable it to perform its functions." *Id.* § 17–27–204(1)(h)–(i). The grant of authority under section 17–27–204(1)(h) gives county legislatures broad discretion in forming county planning commissions. Similarly, the grant of authority under section 17–27–204(1)(i) accords county planning commissions wide latitude in how they carry out their functions. Thus, we cannot say that delegation to a senior planner is outside of what is contemplated by Utah law.

1. We note that the Busches failed to mention the due process claim in their brief. Accordingly, we do not address it.

B. Delegation Under Salt Lake County Ordinance

¶ 10 Although Utah law contemplates delegation, individual counties must provide for it in their legislation. *See id.* § 17–27–201(1)(a), (2)(d) (stating "each county shall enact an ordinance establishing a countywide planning commission" which sets forth the "details relating to the organization and procedures of the planning commission"). Accordingly, we direct our analysis to whether the County's ordinances allow delegation of approval authority to Development Services Division staff.

1. Delegation of Full Approval Authority

¶ 11 The County enacted its Uniform Zoning Ordinance to regulate, among other things, the County Planning Commission. Under the guidance of section § 17–27–204(1)(g), the County directed that "[t]he planning commission shall: ... [a]pprove or deny, conditional use permits." Salt Lake County, Utah, Uniform Zoning Ordinance, ch. 19.05.040(E) (1999). However, in the more specific chapter governing the procedure for conditional use permit approval,[2] the County authorized the planning commission to "delegate to the development services division director the authority to approve, modify or deny all or part of the conditional uses set forth in this title." *Id.* at ch. 19.84.060 (Delegation Ordinance). In connection with this grant of approval authority, the planning commission is required to have policies in place to guide the Director in the exercise of this authority. *See id.* at ch. 19.84.070. Thus, delegation of approval authority to the Director is proper under County legislation.

2. Delegation of Final Approval Authority

¶ 12 Even if the planning commission does not delegate full approval authority to the Director, "[u]nless otherwise designated," the planning commission's approval is only "preliminary approval of the application." *Id.* at ch. 19.84.095(A). Under these circumstances, the Director "is authorized to grant *final approval* of conditional use applications after all of the conditions and requirements of the preliminary approval which are necessary for the final approval have been met." *Id.* at ch. 19.84.095(B)-(C) (emphasis added). "Final approval shall be in the form of a letter to the applicant which, together with the approved site plan if required, shall constitute the conditional use permit."[3] *Id.* at ch. 19.84.095(B). Thus, under the framework of the Delegation Ordinance, unless the planning commission affirmatively retains final approval authority, the Director has a default grant of final approval authority and properly grants approval by letter. *See id.*

3. Delegation of Ministerial Duties

¶ 13 In this case, the planning commission held a public meeting to consider the conditional use permit application. The planning commission reviewed a detailed site plan,[4] and approved the conditional use application. The planning commission's decision to approve the conditional use application was only preliminary approval.[5] *See id.* at ch. 19.84.095(A). After the planning commission granted preliminary approval, the Director was authorized to grant final approval of the conditional use permit. *See id.* at ch. 19.84.095(B). Final approval is an observation that "all of the conditions and requirements of the preliminary approval which are

---

2. "[W]here the operation of two statutory provisions is in conflict, the more specific provision will govern over that which is more general." *Biddle v. Washington Terrace City*, 1999 UT 110, ¶ 14, 993 P.2d 875.

3. We note that the Busches do not allege that this approval letter was never sent. They mention it only to say that since Appellees have not brought it forward, the letter must not exist.

4. As part of the conditional use permit application, the Developers were required to include a

detailed site plan. *See* Salt Lake County, Utah, Uniform Zoning Ordinance, ch. 19.84.030(B) (1999).

5. Nothing in the record indicates that the county planning commission required Developers to appear before it for final approval. Thus, we assume that the Director had final approval authority by default. *See* Salt Lake County, Utah, Uniform Zoning Ordinance, ch. 19.84.095(B)-(C) (1999).

necessary for the final approval have been met." *Id.*

¶ 14 Although the Busches assert that the Director's delegation of final approval authority to a senior planner would be illegal, such delegation would be illegal only if discretionary powers, rather than ministerial powers, are delegated. We defined ministerial duties in *State Tax Comm'n v. Katsis*, 90 Utah 406, 62 P.2d 120 (1936). In *Katsis*, a tax payer contested an assessment because the commissioner did not recompute the assessment after a subagent included a penalty in the assessment. *Id.* at 120–21. The court stated that "[m]inisterial acts may be delegated to others." *Id.* at 122 (citation omitted). Further, the court defined ministerial duties as those in which " 'a person performs in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the acts being done.' " *Id.* at 123 (citation omitted). However, the court noted, if " 'judgment and discretion are required of municipal officers, [the functions or powers] cannot be delegated without express legislative authority.' " *Id.* at 122–23 (citation omitted). The court in *Katsis* concluded that because adding a ten percent penalty to the mathematical calculation of the assessment required a finding of " 'negligence, intentional disregard, or fraud with intent to defraud,' " the commissioner had improperly delegated discretionary authority. *Id.* at 123 (citation omitted). Accordingly, if the Di-

rector delegated any amount of discretion to a senior planner, the delegation would be improper.

¶ 15 In giving final approval, the Director observes that "all of the conditions and requirements of the preliminary approval which are necessary for final approval have been met." Salt Lake County, Utah, Uniform Zoning Ordinance, ch. 19.84.095(B) (1999). The Director is given no authority to deny, to modify, to delay, or to withhold a grant of approval once the conditions and requirements are met.[6] *See id.* We conclude that the function of the Director in giving final approval for conditional use permits, inasmuch as it merely involves observing the completion of conditions and requirements, is ministerial in nature and can be delegated without the express direction of the county legislature.[7] However, the record before us is devoid of any particulars about whether discretionary acts were delegated to the senior planner. A determination of whether any measure of discretion was delegated is a question of fact needing resolution. We do not remand for further proceedings because we determine the Busches complaint fails for a different reason.

## II. Decision Applying the Zoning Ordinance

■ ¶ 16 Despite the liberal pleading rules, the Busches' claim fails. We divide the Busches' claim into two parts for pur-

---

6. "[O]missions in statutory language should 'be taken note of and given effect.' " *Biddle*, 1999 UT 110 at ¶ 14, 993 P.2d 875 (citation omitted).

7. We note that the Busches merely assert that delegation of approval authority to an official not specifically mentioned in an ordinance violates the County ordinances and state law. They do not assert that the conditions and requirements imposed by the planning commission upon granting preliminary approval included a delegation of discretion, nor that the Developers did not meet the conditions and requirements imposed.

Although the language of the statute is not mandatory per se, failing to grant final approval upon completion of the conditions and requirements would make the delegatee of the ministerial duty liable. *See, e.g., Connell v. Tooele City*, 572 P.2d 697, 699 (Utah 1977) (holding court clerk liable for failing to properly docket the

payment of a fine). Even if the senior planner deviated from merely observing that conditions and requirements be met and approved wholesale changes, approval of changes would not affect the propriety of the act of delegating final approval authority to the senior planner. The Busches' claim of illegal delegation of authority does not address illegal approval.

In contrast, a delegation under the Delegation Ordinance, which delegates "the authority to approve, modify or deny all or part of the conditional uses" to the Director, is an express delegation of legislative authority which involves a large measure of discretion. *See* Salt Lake County, Utah, Uniform Zoning Ordinance, ch. 19.84.060 (1999). A subsequent delegation of this legislative authority to staff of the development services division would be illegal under this chapter because the authority is discretionary, and there is no express provision to further delegate it.

poses of this analysis: factual assertions and legal claim. First, the Busches' factual assertions are that the Developers are not constructing the Center according to the original site plan, and that the senior planners initials are on a modified site plan which corresponds to the current construction. The Busches conclude that someone interpreted the Delegation Ordinance to mean that approval authority could be delegated to a senior planner on the development services division staff and that the senior planner granted official approval of the modified site plan to the Developers. The interpretation would have been made by either the senior planner or the Director.

¶ 17 Second, the legal claim asserted under this set of facts is based on Utah Code Ann. § 17–27–704 (1999), which allows for appeals to a county board of adjustment for illegal decisions.[8] Section 17–27–704 has four elements for a legal claim: (1) a person adversely affected, (2) a decision administering or interpreting a zoning ordinance, (3) a decision applying the zoning ordinance, and (4) an error in the decision administering or interpreting the zoning ordinance. *See id.* Even if we assume that the Busches are "persons adversely affected,"[9] their legal claim fails on the third element: they have not alleged material facts, nor can we reasonably infer from the facts they have alleged, that there was a decision *applying* an erroneous interpretation of a zoning ordinance.

¶ 18 If we assume the Director erroneously interpreted the Delegation Ordinance to allow him to further delegate approval authority to a senior planner on his staff, unless that senior planner officially approved a conditional use permit, there has not been a decision *applying* the erroneous interpretation. *See* Utah Code Ann. § 17–27–704(1)(a)(i) (1999).[10] The Busches allege that the senior planner's initials on the amended phasing plan is evidence of a decision applying the erroneous interpretation of the Delegation Ordinance. However, this claim fails as a matter of law.

¶ 19 In this case, approval of a conditional use permit is "a letter to the applicant" from the Director. Salt Lake County, Utah, Uniform Zoning Ordinance, ch. 19.84.095(B) (1999). Thus, if the senior planner, himself, has not officially approved the conditional use permit, there is no decision *applying* the erroneous interpretation of the zoning ordinance. As stated, the ordinance requires a letter from the Director which is the exclusive form of conditional use permit approval. *See id.* Nothing else amounts to official approval. Thus, in the context of conditional use permit approval, mere initials of a senior

---

**8.** The applicant or any other person or entity adversely affected by a decision administering or interpreting a zoning ordinance may appeal that decision applying the zoning ordinance by alleging that there is error in any order, requirement, decision, or determination made by an official in the administration or interpretation of the zoning ordinance.

Utah Code Ann. § 17–27–704(1)(a)(i) (1999).

**9.** The Busches might not qualify as "person[s] adversely affected" because they did not own the residential property they claim was adversely affected until at least six to eight months after the alleged "decision" was made. *See Lund v. Cottonwood Meadows Co.,* 15 Utah 2d 305, 392 P.2d 40, 42 (Utah 1964) (defining "any person aggrieved," under the predecessor of Utah Code Ann. § 17–27–1001 (1999), as " '[a]ny landowner or resident within city whose situation is such that decision of planning board *may adversely affect him* in use of property *owned or occupied* by him in some manner within scope or purposes of the zoning ordinance' " (emphasis added) (citation omitted)). The definition indicates that one must own land at the time the decision is made. The Busches would not have standing under this interpretation. Because we resolve this case on the Busches failure to state a legal claim, we do not address standing.

**10.** We illustrate our analysis with an example: Assume a statute allows the state attorney general to delegate authority to an assistant state attorney general to argue a case before a court. If the state attorney general interprets the statue to allow delegation of this authority to a paralegal who is not licensed to practice law, his or her interpretation of the statute would be an erroneous. Based on this interpretation, the attorney general instructs the paralegal to argue a case in court. However, if the assigned paralegal never argues the case in court, there is no decision *applying* the erroneous interpretation. Further, it would make no difference if the paralegal merely initialed an amendment to a legal document filed with the court. Similarly, in this case there is no decision *applying* the erroneous interpretation unless the senior planner officially issued written approval of the amended site plan.

planner on an amended site plan are meaningless.[11]

## CONCLUSION

¶ 20 We agree with the trial court's conclusion that delegation of conditional use permit approval authority to one who is not specifically identified in the ordinance is statutorily permissible, but only to the extent that the delegated authority is ministerial. We do not agree that Salt Lake County ordinances authorize delegation of legislative/discretionary authority to someone not specifically mentioned in the ordinance. However, we conclude that the Busches have not alleged sufficient material facts, nor can we make the necessary reasonable inferences from the alleged facts, to support a claim for which relief may be granted under Utah Code Ann. § 17–27–704 (1999).

¶ 21 I CONCUR: James Z. Davis, Judge.

I CONCUR IN THE RESULT: Russell W. Bench, Judge.

---

11. While the senior planner's initials might signify something (i.e., that he had completed a check to confirm that the amended plan was in compliance with mandatory zoning requirements), his initials cannot be final approval.

Further, even though the Busches allege the amended site plan was not approved by Director, this allegation implies, at best, that either Developers changed their site plan without County approval or that Developers misplaced their reliance on a senior planner's initials as approval. An action for these violations would not properly be brought under section 17–27–704.