**2015 UT App 240**

## THE UTAH COURT OF APPEALS

RAYMOND L. ZISUMBO,
Appellant,
*v.*
OGDEN REGIONAL MEDICAL CENTER, CHRIS BISSENDEN,
ANTHONY RODEBUSH, AND JUDD TAYLOR,
Appellees.

Opinion
No. 20140614-CA
Filed September 17, 2015

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 130900392

April L. Hollingsworth, Attorney for Appellant

Michael Patrick O'Brien, Mark D. Tolman, and Jesse
M. Oakeson, Attorneys for Appellees

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN and KATE A. TOOMEY
concurred.

VOROS, Judge:

¶1      This appeal requires us to determine whether a plaintiff
alleging a variety of tort and contract claims adequately pleaded
causation. We conclude that the amended complaint satisfied
our liberal pleading rules and so reverse the district court's order
dismissing the amended complaint.

BACKGROUND[1]

¶2     Raymond L. Zisumbo worked as a computer tomography (CT) technician for Ogden Regional Medical Center for five years. In September 2009, Zisumbo filed discrimination complaints against his supervisor, Anthony Rodebush, with Ogden Regional's parent corporation, Hospital Corporation America (HCA), and with the Utah Labor Commission. In October 2009, Ogden Regional terminated Zisumbo's employment.[2]

¶3     Ogden Regional maintains a database in which it codes the reason for an employee's termination. The code assigned to a terminated employee indicates that employee's eligibility for rehire. Other HCA medical facilities, including St. Mark's Hospital, also use this database to make hiring decisions. Sometime after Ogden Regional terminated Zisumbo's employment in 2009, Ogden Regional coded Zisumbo as "'Invol Term—Miscond' . . . believing that it made him eligible for rehire." In March 2011, Ogden Regional "learned this [belief] was incorrect" and that the assigned code made Zisumbo ineligible for rehire at all HCA medical facilities. Ogden Regional told Zisumbo it had changed the code to "Invol Term—

---

1. "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint." *State v. Apotex Corp.*, 2012 UT 36, ¶ 3, 282 P.3d 66 (citation and internal quotation marks omitted).

2. In May 2010, Zisumbo filed a lawsuit in federal court against appellees Ogden Regional, Rodebush, Chris Bissenden, and Judd Taylor under Title VII of the Civil Rights Act of 1964, claiming employment discrimination and retaliation. A jury trial was held in 2013. The jury found that Ogden Regional had not discriminated against Zisumbo, but had retaliated against him.

Behavior," a code indicating the terminated employee is eligible for rehire.

¶4    Since Zisumbo's termination, "he has been unable to secure employment in his field, despite his five years of experience at [Ogden Regional], 10 years of CT experience, and a degree in CT." He applied for jobs at St. Mark's Hospital and other HCA facilities located in Utah, but received no response to his applications. He also applied for jobs at non-HCA facilities, but did not receive interviews for those positions. People at facilities where Zisumbo applied for positions informed Zisumbo that "something" was blocking his applications:

> [Zisumbo] spoke with individuals at facilities where he applied for jobs whom he knew and who were interested in hiring him, who informed him that his application had not been forwarded to them for consideration for available positions for which he had applied. In other words, they informed him that something was preventing his application from making it past the facility's initial screening.

¶5    Based on the foregoing allegations, Zisumbo sued Ogden Regional. Ogden Regional moved to dismiss for failure to state a claim. Zisumbo opposed the motion and filed a proposed amended complaint. The district court dismissed Zisumbo's claims of negligence, defamation, intentional interference with economic relations, and breach of the duty of good faith and fair dealing. The court ruled that Zisumbo's claims were "barred because he has failed to plead facts in either his Complaint or Amended Complaint demonstrating that [Ogden Regional]

caused him any harm, among other reasons."[3] In response to Zisumbo's oral motion to further amend the complaint, the court concluded that Zisumbo had "failed to plead facts supporting these claims after a full and fair opportunity to do so." Zisumbo timely appeals.

## ISSUE AND STANDARD OF REVIEW

¶6     Zisumbo contends that the district court erred in dismissing his claims against Ogden Regional, Bissenden, Rodebush, and Taylor for failure to state a claim under rule 12(b)(6) of the Utah Rules of Civil Procedure. "A district court's grant of a motion to dismiss based upon the allegations in the plaintiff's complaint[] presents a question of law that we review for correctness." *America West Bank Members, LC v. State*, 2014 UT 49, ¶ 7, 342 P.3d 224 (alteration in original) (citation and internal quotation marks omitted).

¶7     This court will "affirm a district court's dismissal of an action under rule 12(b)(6) of the Utah Rules of Civil Procedure only when the plaintiff has not alleged, or cannot prove, facts sufficient for relief." *Gildea v. Wells Fargo Bank, NA*, 2015 UT 11, ¶ 3, 347 P.3d 387. Accordingly, we "take the facts alleged" in Zisumbo's complaint and "view them in the light most favorable to his claims." *Id.*

---

3. Although Zisumbo argues on appeal that the district court did not afford him the opportunity to amend his complaint, the court and Ogden Regional both considered his proposed amended complaint and treated it as if it had been filed. Because the district court effectively received the amended complaint, we consider it on appeal.

ANALYSIS

¶8      Zisumbo contends that he alleged facts in his complaint and amended complaint sufficient to allege causation under Utah's liberal pleading standard.[4]

¶9      "Rule 12(b)(6) reflects Utah's adoption of notice pleading and, therefore, relies on rule 8 of the Utah Rules of Civil Procedure." *Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 17, 221 P.3d 194. Rule 8 requires a pleading to set forth "a short and plain . . . statement of the claim showing that the party is entitled to relief." Utah R. Civ. P. 8(a). "The claim need not be specific, rather, 'under Utah's liberal notice pleading requirements, all that is required is that the pleadings be sufficient to give fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved.'" *Busche v. Salt Lake County*, 2001 UT App 111, ¶ 6, 26 P.3d 862 (quoting *Fishbaugh v. Utah Power & Light*, 969 P.2d 403, 406 (Utah 1998)). "Furthermore, if there is any doubt about whether a claim should be dismissed for lack of factual basis, the issue should be resolved in favor of giving the party an opportunity to present its proof." *Ho v. Jim's Enters., Inc.*, 2001 UT 63, ¶ 6, 29 P.3d 633 (citation and internal quotation marks omitted); *see also America West Bank Members*, 2014 UT 49, ¶ 13 ("A dismissal is a severe measure and should be granted by the trial court only if it is clear that a party is not entitled to relief under any state of facts which could be proved in support of its claim." (citation and internal quotation marks omitted)).

---

4. The district court dismissed Zisumbo's complaint on the ground that he failed to adequately allege that Ogden Regional had caused him harm, "among other reasons." Because the district court did not specify those "other reasons," we treat the dismissal as having been based solely on a failure to adequately plead causation.

¶10    Ogden Regional contends that Zisumbo "has not pleaded that [Ogden Regional's] internal HR code actually caused him harm (e.g., by alleging that a prospective employer accessed [Odgen Regional's] database or otherwise became aware that [Ogden Regional] had coded him ineligible for rehire and chose not to hire Zisumbo as a result)."

¶11    True, Zisumbo's complaint lacks precision. But "[e]ven if a complaint is vague, inartfully drafted, a bare-bones outline, or not a model of specificity, the complaint may still be adequate so long as it can reasonably be read as supporting a claim for relief, giving the defendant[s] notice of that claim." *Casaday v. Allstate Ins. Co.*, 2010 UT App 82, ¶ 16, 232 P.3d 1075 (citations and internal quotation marks omitted). Zisumbo's complaint gave Ogden Regional "fair notice of the nature and basis or grounds of the claim[s] and a general indication of the type of litigation involved." *Canfield v. Layton City*, 2005 UT 60, ¶ 14, 122 P.3d 622.

¶12    The amended complaint alleged that Ogden Regional had for a specified period miscoded Zisumbo's termination; that the miscoding rendered him ineligible for rehire within the HCA system; that he had sought employment at other HCA facilities; that individuals at those facilities knew him and were interested in hiring him; and that those individuals informed him in effect that "something was preventing his application from making it past the facility's initial screening." While the amended complaint does not specify that the miscoding constituted the "something" blocking Zisumbo's employment applications, in context we have no difficulty connecting those dots. In fact, in the context of the amended complaint, any other inference would require speculation. We thus conclude that the amended complaint gave fair notice to Ogden Regional of Zisumbo's claim that Ogden Regional's miscoding caused potential employers not to hire him.

CONCLUSION

¶13     The judgment of the district court is reversed and the case remanded for further proceedings consistent with this opinion.[5]

———————

5. On appeal, Ogden Regional advanced numerous alternative grounds to affirm. "When reviewing a decision made on one ground, we have the *discretion* to affirm the judgment on an alternative ground if it is apparent in the record." *Madsen v. Washington Mutual Bank FSB*, 2008 UT 69, ¶ 26, 199 P.3d 898. We decline to exercise that discretion here and do not consider any alternative grounds. Nevertheless, Ogden Regional may renew its motion to dismiss on these or other grounds in the district court, where Zisumbo may correspondingly renew his motion to amend.